IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
Jul 01, 2015

| | |
|---|---|
| IN RE:<br><br>GLENN KEITH HENRY and JOYCE FAY HENRY,<br><br>Debtors. | Case No. 12-11867-M<br>Chapter 13 |

## MEMORANDUM OPINION

Nobody likes deadlines, especially ones with consequences. In many ways, the bankruptcy system used in the United States of America is built upon notices, deadlines, and consequences. If a debtor fails to file required documents within the time set forth by rule or statute, his or her case is subject to dismissal. If a creditor fails to file a claim, it may not get paid from the bankruptcy estate. And, if a creditor fails to object to a plan, that creditor is likely to be stuck with its contents.

In this Chapter 13 case, the debtors filed a plan that provided for the claim of the creditor holding a first mortgage on their house. The creditor did not object, and the plan was confirmed. In addition, the creditor did not file a proof of claim within the deadline set by rule. As a result, the debtors filed a claim on the creditor's behalf. Now, some two years later, the creditor has filed an amended claim. In addition, the creditor expects the debtors to revise their confirmed plan to conform to the amended claim. The debtors cry foul, saying to the creditor, in effect, "where have you been all these years?" The question is whether the creditor should be allowed to file an amended claim, and, far more importantly, whether the debtors should be forced to amend their plan. The following findings of fact and conclusions of law are made pursuant to Federal Rule of Bankruptcy Procedure 7052, made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 9014.

**Jurisdiction**

The Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C.A. § 1334(b).[1] Reference to the Court of the bankruptcy case is proper pursuant to 28 U.S.C.A. § 157(a). The allowance or disallowance of a claim against the estate is a core proceeding as defined by 28 U.S.C.A. § 157(b)(2)(B).

**Findings of Fact**

The facts in this case are undisputed. Glenn Keith Henry and Joyce Fay Henry ("Debtors") filed an original petition for relief under Chapter 13 of the United States Bankruptcy Code with this Court on July 9, 2012. JPMorgan Chase Bank ("Chase") is a creditor in this case, holding a note secured by a first mortgage on the Debtors' residence. The Court established November 13, 2012, as the deadline for filing claims in this case. Chase received proper notice of the claims bar date but did not file a claim.

On December 14, 2012, Debtors filed their Second Amended Chapter 13 Plan (the "Plan").[2] Under the terms of the Plan, Chase had an allowed secured claim of $86,170, with a pre-petition arrearage of $11,400. The Plan provided for Debtors to make all post-petition payments to Chase as the same fell due. The Plan also provided for payment of the pre-petition arrearage of $11,400 during the term of the Plan. Notice of the Plan and the deadline for filing objections to the Plan was properly provided to all creditors, including Chase.[3] Chase did not object to the Plan, and the Plan

---

[1] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C.A. § 101 *et seq*.

[2] *Docket No. 32*.

[3] *Docket No. 34*.

was confirmed by order entered on February 20, 2013.[4]

As a result of Chase's failure to file a proof of claim, Debtors filed a proof of claim on Chase's behalf on August 2, 2013 (the "Chase Claim").[5] The amounts in the Chase Claim mirrored the amounts owed Chase as set forth in the Plan. Notice of the filing of the Chase Claim was provided to Chase by the Clerk of this Court on August 5, 2013.[6] Chase did not respond to the notice. However, on October 1, 2013, Chase did file a "Notice of Mortgage Payment Change" indicating that the Debtors' monthly mortgage payment adjusted to $526.90 as a result of a reduction in the amount to be paid for tax and insurance escrow purposes.

Debtors have filed four proposed modifications to the Plan since February 20, 2013. Notice of each proposed modification and the deadline for objection has been sent to Chase, and Chase has not objected to any of the modifications. None of the modifications changed the amount to be paid to Chase under the Plan. The most recent modification was approved by order of the Court entered on March 4, 2015.[7]

On March 4, 2015, Chase filed its amended proof of claim in this case (the "Chase Amended Claim").[8] The Chase Amended Claim listed the total amount due Chase as $84,715.13, and the arrearage amount as $13,505.17. Shortly thereafter, Debtors filed their objection to the Chase

---

[4] *Docket No. 39.*

[5] *Claim No. 9-1.*

[6] *Docket No. 48.*

[7] *Docket No. 90.*

[8] *Claim No. 9-2.*

Amended Claim (the "Objection").[9]  In the Objection, Debtors allege that Chase should be bound by the terms of the Plan as amended and the Chase Claim, and that the Debtors should not be required to pay Chase the increased arrearage amount set forth in the Chase Amended Claim. Debtors specifically request that the Court determine Chase's arrearage claim to be in the amount of $11,400, and prohibit Chase "from ever collecting any pre-petition arrearage above $11,400.00."[10] Chase filed its response to the Objection (the "Chase Response") on May 11, 2015.[11]  Chase argues leave to file an amended claim should be freely granted and it would be an easy task for the Debtors to file another modification to the Plan in order to provide for the additional arrearage.

To the extent the "Conclusions of Law" contains items that should more appropriately be considered "Findings of Fact," those findings of fact are incorporated into the Court's findings of fact by this reference.

## Conclusions of Law

Debtors acted well within their rights in filing the Chase Claim after Chase failed to timely file a claim on its own behalf.[12]  Chase now seeks to amend the Debtors' handiwork by filing the Chase Amended Claim.  As Chase notes, whether to allow a creditor to amend a proof of claim is

---

[9] *Docket No. 93.*

[10] *Id.*

[11] *Docket No. 99.*

[12] *See* Fed. R. Bankr. P. 3004 ("If a creditor does not timely file a proof of claim under Rule 3002(c) or 3003(c), the debtor or trustee may file a proof of the claim within 30 days after the expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable. The clerk shall forthwith give notice of the filing to the creditor, the debtor and the trustee."). Chase does not contest the timeliness of the filing of the Chase Claim.

a matter left to the sound discretion of the bankruptcy court.[13] Chase cites controlling authority for the proposition that

> Ordinarily, amendment of a proof of claim is freely permitted so long as the claim initially provided adequate notice of the existence, nature, and amount of the claim as well as the creditor's intent to hold the estate liable. The court should not allow truly new claims to proceed under the guise of amendment.[14]

The case cited by Chase also notes that a court should consider the prejudice to the objecting party in determining whether to allow the amendment.[15] Debtors contend that they will be prejudiced by the Chase Amended Claim to the extent they are required to amend the Plan to provide for the additional arrearage contained in the Chase Amended Claim. The question thus turns from whether the Chase Amended Claim should stand to whether the filing of the Chase Amended Claim supercedes the operative provisions of the Plan.

The Plan has been confirmed, and the order confirming the Plan is a final order. In a Chapter 13 case, "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."[16] The section is clear on its face. In *United Student Aid Funds, Inc. v. Espinosa*,[17] the United States Supreme Court held that a student loan creditor was

---

[13] *In re Limited Gaming of America, Inc.*, 213 B.R. 369, 372 (Bankr. N.D. Okla. 1997).

[14] *In re Unioil, Inc.*, 962 F.2d 988, 992 (10th Cir. 1992) (citations omitted).

[15] *Id.* at 993 ("In light of Unioil's failure to demonstrate actual prejudice resulting from the requested amendment, which, as already noted, asserted the same substantive interest as the original proof of claim and merely substituted the Trust as the proper claimant, we cannot say the bankruptcy court abused its discretion in allowing the Trust's claim.") (citations omitted).

[16] § 1327(a).

[17] 559 U.S. 260 (2010).

bound by the terms of a Chapter 13 plan that discharged a portion of the interest owed on the student loan, even though the debtor failed to commence an adversary proceeding to determine the dischargeability of the debt as required under § 523(a)(8) and Federal Rule of Bankruptcy Procedure 7001(6). Even though *Espinosa* has different facts, its underlying premise – that creditors who fail to object to a proposed Chapter 13 plan are bound by its terms once the plan is confirmed – is applicable here.

Lower courts have not hesitated to hold the creditor to the terms of a confirmed plan. In *In re McLemore*,[18] the debtor proposed a Chapter 13 plan that provided for interest on an unpaid tax claim at the rate of 7.5 percent. The affected creditor filed a proof of claim alleging that the statutory rate of interest on the claim was 18 percent. The creditor was given proper notice of the plan, did not file a timely objection, and the plan was confirmed. Post-confirmation, the Chapter 13 trustee filed his notice to allow the tax claim in the amount set forth in the claim, and to pay the claim with interest at the plan rate of 7.5 per cent, rather than the 18 per cent figure contained in the claim. As it denied the creditor's request, the court held that

> Section 1327 of the Code sets forth the effects of a confirmed plan. In particular, § 1327(a) states that ''[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.'' 11 U.S.C. § 1327(a). This section has been widely interpreted as barring the relitigation of any issue which was or could have been decided at the time the plan was confirmed. *In re Welsh,* 1998 WL 773999, at *2 (6th Cir. Oct.11, 1998) (table decision). Underlying this principle is the need for finality that parties have after confirmation of a plan so that they may rely upon the terms of the plan and confirmation order ''without concern that actions which they may thereafter take could be upset because of a later change or revocation of that order.'' 8 Collier on Bankruptcy, 1327.02 (16th ed.2009). This policy is so strong that a ''creditor may not ignore the confirmation process. . . . A creditor who disregards a procedurally

---

[18] 426 B.R. 728 (Bankr. S.D. Ohio 2010).

> proper and plain notice that its interests are in jeopardy does so at its own risk.''
> *Factors Funding Co. v. Fili,* 257 B.R. 370, 374 (1st Cir.2001).[19]

Similarly, in *In re Alonso*,[20] a creditor holding the first mortgage on the debtor's residence sought to amend its claim some 55 months after filing its original claim in order to add additional amounts to its claimed arrearage. At the time of the amendment, a confirmed plan provided for payment of the arrearage set forth in the creditor's original proof of claim. Debtor was three months away from completion of her Chapter 13 plan. Debtor objected to the amended claim, arguing, among other things, that the filing of the amended claim constituted an impermissible collateral attack on the order confirming plan in violation of § 1327(a).[21] The *Alonso* court sustained the debtor's objection to the claim, holding that

> The court further finds that the secured creditor's amended proof of claim # 8–2 fails to satisfy the other two (2) factors of the second prong because it constitutes a dilatory tactic by the claimant which would result in unfair prejudice not only to unsecured creditors which have already received their distributions but also to the Debtor who paid the secured creditor as requested in its original proof of claim. If the court were to allow this amended claim, this would result in the Trustee having to recover disbursements made for years to the unsecured creditors. The court also finds that such a tardily filed amended proof of claim constitutes a failed attempt by the secured creditor to correct a mistake which it had plenty of time to become aware of, but failed to diligently account for the Debtor's prepetition mortgage arrears. BPPR should have been aware of the Debtor's pre-petition mortgage arrears from the date the Debtor filed her bankruptcy petition or shortly thereafter. The secured creditor had ample time to correct its mistake but failed to do so, thus waiving its right to receive payment of those pre-petition mortgage arrears. ''A party may waive any right which it is legally entitled to, including rights secured by contract.'' *In re Taylor,* 280 B.R. 711, 716 (Bankr. S.D. Al. 2001) citing *Dooley v. Weil (In re Garfinkle)*, 672 F.2d 1340, 1347 (11th Cir.1982). Therefore, this court concludes that the secured creditor waived its right to receive payment of the pre-petition

---

[19] *Id.* at 734–35.

[20] 525 B.R. 195 (Bankr. D.P.R. 2015).

[21] *Id.* at 198.

7

>  mortgage arrearages in the amount of $8,800 and the late charges in the amount of $654.50 for a total of $9,454.50.[22]

In both cases, the need for finality in Chapter 13 cases and the creditor's acquiescence to the terms of the confirmed plan trumped the amended claim. This is the only logical result. Congress has mandated that the terms of a confirmed plan are binding upon the debtor and all creditors. Section 1327(a) provides both certainty and finality in every Chapter 13 case. The message to creditors could not be more clear: if you do not like how you are treated under a Chapter 13 plan, you must file an objection to the plan. Allowing a creditor to supercede or nullify a final, non-appealable order confirming a Chapter 13 plan by amending its claim and demanding that a debtor pay more based upon the amended claim would stand the Chapter 13 process on its head.

In this case, Chase had proper notice of the bankruptcy filing and the claims bar date and chose not to file a claim. In addition, Chase had a full and fair opportunity to object to the Plan to the extent Chase believed the amount of its claim was not accurately set forth therein. To the extent Chase now claims a greater arrearage than the one set forth in the Chase Claim and the Plan, it has waived its right to do so. Moreover, it is bound by § 1327(a) to the treatment of its claim in the Plan. Allowing an amended claim at this late date would not nullify § 1327(a), and would therefore serve no purpose in the administration of this bankruptcy case.

## Conclusion

If a creditor does not like how it is treated in a Chapter 13 plan, it must object to the plan within the time allowed for such an objection or forever hold its peace.[23] In this case, Chase is

---

[22] *Id.* at 206–07.

[23] This is not to suggest that bankruptcy courts are not bound by the admonishment in *Espinosa* to refuse to confirm a plan that does not comply with the operative provisions of the

bound by the terms of the Plan, and is entitled to no payments except those as set forth in the Plan. Chase may not compel the Debtors to modify the Plan in order to pay the increased arrearage set forth in the Chase Amended Claim. The Objection is sustained. The Chase Amended Claim is disallowed. Chase is bound by the terms of the Plan with respect to the amount of its pre-petition arrearage.

A separate judgment consistent with this Memorandum Opinion is entered concurrently herewith.

Dated this 1st day of July, 2015.

TERRENCE L. MICHAEL, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

6899.3

---

Bankruptcy Code even in the absence of an objection. Such is not the case here. There is nothing about the Plan that is *per se* objectionable.